# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arturo Rafael Salazar Cruz, ) | |
| ) | Criminal No. 2:17-547-MBS |
| Movant, ) | |
| ) | **OPINION AND ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Arturo Rafael Salazar Cruz is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On June 14, 2017, a federal grand jury returned a six-count Indictment charging Movant with conspiracy to traffic in counterfeit goods, smuggle merchandise contrary to law, and distribute misbranded drugs, in violation of 18 U.S.C. § 371 (Count One); fraudulently and knowingly importing merchandise, in violation of 18 U.S.C. § 2320(a) and 21 U.S.C. §§ 331(a), 352(f), and 353(b)(1) (Counts Two and Three); introducing into interstate commerce misbranded drugs with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(a), 333(a)(2), 352(f) and 353(b)(1) (Counts Four and Five); and knowingly and intentionally trafficking pharmaceutical drugs with use of counterfeit marks, in violation of 18 U.S.C. § 2320(a)(1) (Count Six). On October 23, 2017, Movant proffered a plea agreement in which he pleaded guilty to Count One and the government agreed to dismiss the remaining counts at sentencing. *See* ECF Nos. 53, 55.

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR"), which reflects that Movant's criminal history score was zero and his criminal history category was I. The PSR calculated a base offense level of 8, pursuant to USSG §§ 2X1.1 and 2B5.3, to which it applied an 18-level enhancement upon determining that the infringement amount was more than $3,500,000 but less than $9,500,000. *See* USSG § 2B5.3(b)(1)(B)(J). The PSR applied a 2-level enhancement because the offense involved the manufacture and importation of infringing items, *see* USSG § 2B5.3(b)(3)(A), and another 2-level enhancement because the offense involved counterfeit drugs, *see* USSG § 2B5.3(b)(5), for an adjusted offense level of 30. The PSR credited Movant with an adjustment for acceptance of responsibility, which reduced the adjusted offense level by three levels to a total offense level of 27. Movant's Guidelines range was 70 to 87 months of imprisonment, but the penalty associated with Count One is statutorily capped at 5 years (60 months), and therefore his Guidelines range became 60 months.

Prior to sentencing, Movant submitted a memorandum, in which he asked for a downward variance based on the monetary benefit he gained from the offense rather than the losses attributed to him, which is the dollar amount that dictated the Guidelines calculation. ECF No. 61-1. At the sentencing held March 20, 2018, the Honorable P. Michael Duffy adopted the PSR without change, denied Movant's request for a downward variance, and sentenced Movant to custody of the Bureau of Prisons ("BOP") for a term of incarceration of 60 months, to be followed by a term of supervised release of 3 years. The court entered judgment on March 22, 2018, ECF No. 64, and Movant did not appeal.

On November 14, 2018, Movant proceeding pro se filed the pending § 2255 motion. ECF No. 77.  In response, on January 22, 2019, the government filed a motion to dismiss or, in the alternative, motion for summary judgment.  ECF No. 85.  Movant did not file a reply.

## DISCUSSION

**A.**     **Legal Standard**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255.  To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate."  *Id.* at § 2255(b).  If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing.  28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.  *See United*

3

*States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).[1]

**B.     Analysis**

Movant seeks a correction of his sentence on two claims of ineffective assistance of counsel during his sentencing: failure to argue for application of safety valve relief as provided in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; and failure to argue for application of a role adjustment under USSG § 3B1.2. ECF Nos. 77, 77-1. The government responds that Movant was not entitled to safety valve relief and that Movant's counsel strategically elected to argue for a downward variance as opposed to object to the PSR's omission of a role reduction. ECF No. 85.

Criminal defendants are entitled to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685 (1984). A lawyer "is constitutionally ineffective where her representation falls below objective standards of reasonableness and results in prejudice, meaning there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Freeman*, --- F.3d ----, 2021 WL 1180711, at *4 (4th Cir. Mar. 30, 2021) (quoting *Strickland*, 466 U.S. at 687-88, 694); *Hinton v. Alabama*, 571 U.S. 263, 275 (2014). "A finding of ineffective assistance ultimately will result when counsel's conduct 'so undermined the proper functioning of the adversarial process' that the proceedings below 'cannot be relied on as having produced a just result.'" *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (quoting *Strickland*, 466

---

[1] Additionally, a movant must file a § 2255 motion within a specific period of time. No one contests the timeliness of Movant's motion.

4

U.S. at 686). Notably, however, "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

    1. Safety Valve Relief

Movant's first contention implicates the applicability of the safety valve provisions set forth in the Sentencing Guidelines. The government argues only that Movant's claim "has no merit because the safety valve applies only to drug offenses that carry a mandatory minimum sentence." ECF No. 85 at 4. Section 5C1.2 provides that the court may sentence a defendant notwithstanding the statutory mandatory minimum penalty in cases for violations of 21 U.S.C. §§ 841, 844, 846, 960, and 963, where certain criteria are met. USSG § 5C1.2(a)(2).[2] Movant was sentenced for a violation of 18 U.S.C. § 371, which is not one of the offenses listed in § 5C1.2. Accordingly, the safety valve relief provided in § 5C1.2 is not available to Movant.

Movant is proceeding pro se and is therefore entitled to a liberal construction of his filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pursuant to its obligation to read a pro se litigant's motion so as to give full effect to his or her arguments and claims, the court would note that the Guidelines also provide safety valve relief through § 2D1.1(b)(18), which allows for a two-level reduction of the offense level if the defendant meets the criteria set forth in § 5C1.2(a)(1)-(5). The Guidelines specifically state that the applicability of § 2D1.1(b)(18) "shall be determined without regard to whether the defendant was convicted of an offense that subjects the defendant to a mandatory minimum term of imprisonment." USSG § 2D1.1 cmt. 21. *Accord United States v. Warnick*, 287 F.3d 299, 304 (4th Cir. 2002). However, Movant's offense of conviction is governed by § 2X1.1 and § 2B5.3, by cross reference. Section 2D1.1 does not

---

[2] This is referred to as the "safety valve" reduction because it allows for shorter sentences for first-time offenders who are otherwise facing mandatory minimum sentences. *See United States v. Fletcher*, 74 F.3d 49, 56 (4th Cir. 1996).

apply to Movant's offense of conviction and therefore the relief contemplated in subsection (b)(18) is not available to him.  Accordingly, because Movant was not entitled to safety valve relief, he cannot not show that counsel erred in failing to assert otherwise.

    2.   <u>Mitigating Role Reduction</u>

Movant's second contention challenges counsel's failure to argue for application of a role adjustment under USSG § 3B1.2.  The government responds that counsel did in fact object to the PSR on the basis that the Probation Officer did not apply a role reduction to Movant's offense level and argues that, ultimately, counsel made a tactical decision to argue for a general downward variance as opposed to pursue the objection at sentencing.  ECF No. 85 at 4-5.

The Guidelines permit a four-level reduction of the offense level for a defendant who was "a minimal participant in any criminal activity," a two-level reduction for a defendant who was "a minor participant in any criminal activity," and a three-level reduction for a defendant whose activity level falls somewhere in between.  USSG § 3B1.2.  The PSR awarded no reduction for Movant's role in the offense and counsel objected on the basis that Movant played a limited role in a multi-national criminal organization.  The Probation Officer declined to revise the PSR in response to the objection and explained that her investigation of the offense demonstrated that Movant had acted in the capacity of an average participant.  *See United States v. Powell*, 680 F.3d 350, 358-59 (4th Cir. 2012) (holding the defendant bears "the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing").

Counsel attests to the following in an affidavit attached to the government's motion to dismiss:

> In advance of the sentencing hearing, [co-counsel] and I discussed at length the wisdom of pursuing the objection versus seeking a variance on the basis of the same arguments that we would use to advance our objection. Based on my course of practice in front of Judge Duffy, I advised that I thought we would fare better

6

> by trying to focus on the mitigating facts in a variance than getting into the details of our client's misconduct which were fairly damning.  Ultimately, as is reflected in the transcript of the sentencing hearing [], we decided to withdraw the objection in favor of a mitigation strategy focused more broadly on the sentencing factors under 18 U.S.C. § 3553(a).

ECF No. 85-1 at ¶ 8.[3]

The court cannot find that this deliberate pivot in strategy constitutes deficient performance.  Rather, it reflects a tactical decision borne from experience appearing and arguing before the sentencing judge and an understanding of the scope of the defendant's burden of proof with respect to the role reduction.  Such a strategic decision is well within the parameters of performance considered constitutionally adequate, especially when one takes into account the amount of deference to which counsel is entitled.

In finding that Movant has not demonstrated deficient performance with respect to either of his two contentions, the court need not address the prejudice prong of the *Strickland* inquiry.

For the reasons discussed, the court grants the government's motion, ECF No. 85, and denies without prejudice Movant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 77.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

---

[3] The government did not provide the court with a copy of the sentencing transcript.

*Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
April 16, 2021

8